369 F.2d 367
 67-1 USTC P 9114
 M. Lois CORSON, Petitioner,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
COMMISSIONER OF INTERNAL REVENUE, Petitioner,
v.
M. Lois CORSON, Respondent.
Marion ALKER, Petitioner,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
COMMISSIONR OF INTERNAL REVENUE, Petitioner,
v.
Marion ALKER, Respondent.
Harry J. ALKER, Jr., Petitioner,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
 Nos. 15836-15840.
 United States Court of Appeals Third Circuit.
 Argued Nov. 15, 1966.
Decided Dec. 8, 1966.
 
 Robert M. Taylor, Philadelphia, Pa., for M. Lois Corson, Marion Alker and Harry J. Alker, Jr.
 Deene R. Goodlaw, Tax Div., Dept. of Justice, Washington, D.C. (Richard C. Pugh, Acting Asst. Atty. Gen., Lee A. Jackson, John M. Brant, Attys., Dept. of Justice, Washington, D.C., on the brief), for Commissioner of Internal Revenue.
 Before McLAUGHLIN, KALODNER and HASTIE, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 These are three petitions for review of decisions of the Tax Court. The main suit, #15840, is against Harry J. Alker, Jr. The other two petitioners, Mrs. Corson and Miss Alker, are sisters of Mr. Alker. Those petitions, #15836 and #15838, while closely related to #15840, are separate matters. The Commissioner has filed protective contingent cross petitions in both #15836 and #15838 for use in the event we disagree with the decisions of the Tax Court regarding them.
 
 
 2
 The Tax Court found that Mr. Alker had failed to file a tax return for 1946; that he filed delinquent returns for 1947, 1949 and 1950; that there were substantial deficiencies in his returns for 1947, 1948, 1949 and 1950. Fraud penalties on the returns imposed by the Commissioner under Section 293(b) Internal Revenue Code of 1939 were upheld. Penalties were assessed on all five years for not filing estimates of income. A tax deficiency for 1946 was found together with a 25% delinquency for that year.
 
 
 3
 The foundation of the Tax Court's findings of fraudulent deficiencies in taxpayer's returns for 1947 to 1950 inclusive was his 1958 conviction in the United States District Court for the Eastern District of Pennsylvania of wilfully attempting to defeat and evade federal income taxes by filing false and fraudulent returns for said years. This Court affirmed that conviction, United States v. Alker, 260 F.2d 135 (3 Cir. 1958). Certiorari was denied, 359 U.S. 906, 79 S.Ct. 579, 3 L.Ed.2d 571 (1959), rehearing denied, 359 U.S. 950, 79 S.Ct. 723, 3 L.Ed.2d 683 (1959). The full record of those criminal proceedings by stipulation of the parties was put into evidence during the Tax Court trial.
 
 
 4
 Argument on behalf of petitioner before us has obviously been sincerely and competently prepared and presented. Both sides agree that the fundamental problem is whether there is substantial evidence to support the income tax deficiencies and the tax additions because of fraud, found by the Tax Court.
 
 
 5
 From our recheck of the voluminous criminal trial record we are satisfied that there was sufficient evidence of substantial understatement of income; sufficient evidence of the wilfulness element in the above mentioned fraud statute and of the nonfiling of the 1946 return. We directly hold that there was ample proof before the Tax Court for the latter to find as it did that:
 
 
 6
 'Our own review of all of the evidence in the record before us leaves no doubt in our minds that respondent has carried his burden of proving fraud herein by clear and convincing evidence and that a portion of the deficiency found by the respondent in each of the taxable years 1947 through 1950 is due to fraud with intent to evade tax.'
 
 
 7
 Because of our above stated view, there is no need at this time of passing upon the Commissioner's alternative argument that collateral estoppel should be applicable to the taxpayer in the present circumstances.
 
 
 8
 Specific attack is made on the Commissioner's evaluation of 200 shares of stock paid petitioner for legal services. That whole question was developed at length in the criminal trial. A United States Treasury expert properly qualified to testify. In his judgment the stock in the critical year was worth $510 a share. There was some evidence on behalf of the taxpayer that the evaluation at that time was $200 a share. The judge gave the conflicting estimates to the jury for its decision. The Tax Court accepted the view of the Treasury witness which it had every right to do.
 
 
 9
 The other large item especially disputed by taxpayer is the amount of the fee he received for services to an estate he represented. This also was thoroughly aired at the criminal trial. Checks on the estate amounting to $90,206.49 by taxpayer as executor, made payable to him as a lawyer and endorsed by him were in evidence. Those very checks had been given to the Internal Revenue Service by taxpayer to account for deductions on the estate tax returns. In the face of this and the strong corroborative testimony timony of the Supervisor of the Federal Estate and Gift Tax Audit Section of the Internal Revenue Service who had been connected with the Federal Tax Return audit of the particular estate, the Tax Court refused to accept taxpayer's statement to the effect that the money from the checks was not kept by him but put into a cash trust fund. The Tax Court was plainly justified in that view.
 
 
 10
 The deficiencies determined against the other two taxpayers need not be set out at length. The Tax Court allowed Mrs. Corson deduction on her residence for the two years during which as the Court decided, it had been held for sale. The Commissioner does not contest that conclusion though originally he had disallowed the deduction. Regarding the other deductions claimed by Mrs. Corson and her sister, the Tax Court found with reference to Mrs. Corson that she '* * * has not sustained her burden of proving error in respondent's determination * * *' and concerning Miss Alker, that she '* * * has utterly failed to overcome the presumptive correctness of respondent's determination as to her additional income * * *.' There is nothing before us that would permit our disturbing those holdings.
 
 
 11
 The remaining problem has to do with the allocation by the Commissioner to Mr. Alker of various items reported by his sisters. The Tax Court transcript affords sound ground for that Court's ruling that the Commissioner's allocations which it allowed were based on substantial evidence.
 
 
 12
 The decisions of the Tax Court will be affirmed.